909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo MCKAYE, Plaintiff-Appellant,
v.
Raymond TOOMBS, Ray Palmer, Jr., Donald Steele, Brenda
Rockafellow, Greg McQuiggin, John Russell, Danny Shepard,
Fred Braam, John Blackful, Wanda Johnson, Ruth Johnston,
R.N., Ellen Case, R.N., Defendants-Appellees.
 No. 89-2202.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1990.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Leo McKaye, a pro se Michigan prisoner, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McKaye alleged that prison conditions violated his eighth amendment right to be free from cruel and unusual punishment and his fourteenth amendment right to due process of law.
 
 
 3
 The case was submitted to a magistrate who recommended granting defendants' motion for summary judgment. McKaye objected to the magistrate's report and recommendation. The district court reviewed the case de novo in light of McKaye's objections, found no genuine issue of material fact, and held that defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 4
 Upon review, we find no error. The conditions complained of do not rise to an eighth amendment violation. Nor was McKaye wrongfully denied medical attention. His own pleading admits seeing medical personnel within 45 minutes of reporting the injury. We find no "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 5
 Additionally, McKaye was not denied due process of law. He failed to establish that the state remedies available to him are inadequate to redress the wrongdoing. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 6
 Accordingly, for the reasons set forth in the district court's September 21, 1989, opinion, we hereby affirm the judgment of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.